IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CHARLIE B. BUSH JR., | |
| Plaintiff, | 4:24CV3057 |
| vs. | |
| DUNCAN AVIATION, INC, | MEMORANDUM AND ORDER |
| Defendant. | |

This matter is before the Court on Plaintiff's Complaint filed on March 18, 2024. Filing No. 1. Plaintiff, a non-prisoner proceeding pro se, has been given leave to proceed in forma pauperis. Filing No. 5. The Court now conducts an initial review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e)(2).

**I. SUMMARY OF COMPLAINT**

In his Complaint, which consists of a typed, three-page document written in narrative form, Plaintiff sues Duncan Aviation, Inc. ("Duncan"), his former employer, seeking $4.5 million dollars "for what [Plaintiff] went through at the hands of Duncan Aviation." Filing No. 1 at 3. Plaintiff began working for Duncan on July 11, 2022, as a level two painter and "was the only black in [his] department." Id. at 1. From the time of his hiring, a co-worker named Erick Erickson ("Erickson") harassed Plaintiff, calling him names and generally giving him a hard time. A week after Plaintiff's hiring, Erickson became Plaintiff's supervisor and the harassment continued. Erickson would throw balled-up aluminum foil at Plaintiff while his back was turned, causing the other employees to laugh at Plaintiff and "come at [Plaintiff] the wrong way." Id. at 2. Erickson would also remove the other employee helping Plaintiff on a two-person job and "leave

[Plaintiff] doing a two man job alone." *Id*. Plaintiff states he "was pointed out for being black in the eyes of Eric[k] Erickson. He didn't like me, he turned his head when I walked by him, and he would cuss towards me when I asked a simple question, [so] I had to go to coworkers when I had a question." *Id*. at 2–3 (spelling, punctuation, and capitalization corrected).

Plaintiff reported all of this harassment to superiors but nothing was ever done. Plaintiff specifically states he reported to Byrant Woodly ("Woodly") and Doug, two supervisors above Erickson, that Erickson had been giving Plaintiff and another employee, Zach Hadly, a "very hard time," but neither Woodly nor Doug did anything to stop Erickson "from picking at [Plaintiff] and Zach everyday [sic]." *Id*. at 1. Plaintiff resigned from his position in March 2023 "because [he] couldn't take . . . the harassment" and the effects it had on his physical and emotional well-being. *Id*. at 2.

Plaintiff attached thirty-one pages of exhibits to his Complaint, including a notice of right-to-sue letter from the Equal Employment Opportunity Commission ("EEOC") dated February 21, 2024, *Id*. at 4–5, a decision of the Nebraska Department of Labor Appeal Tribunal finding Plaintiff "voluntarily left employment [with Duncan] under non-disqualifying conditions" and awarding Plaintiff unemployment benefits, *Id*. at 6–7, and copies of text messages between Plaintiff and various Duncan employees, *Id*. at 8–34.

## II.  STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. See 28 U.S.C. § 1915(e). The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a

claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

### III.  DISCUSSION

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). "A pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

Although courts construe pro se pleadings liberally, pro se litigants, like all other parties, must abide by the Federal Rules of Civil Procedure. *See, e.g.*, *Williams v. Harmon*, 294 Fed. App'x 243, 245 (8th Cir. 2008) (affirming dismissal where pro se litigant failed to comply with the Federal Rules of Civil Procedure). Among other procedural requirements, parties must formulate their pleadings in an organized and comprehensible manner:

> Specifically, Federal Rule of Civil Procedure 8(a)(1)-(3) requires that a complaint contain a "short and plain statement of the grounds for the court's jurisdiction," a "short and plain statement" of the plaintiff's claims and a "demand for the relief sought." Federal Rule of Civil Procedure 8(d)(1) provides that, although no technical form of pleading is required, each claim must be simple, concise and direct. Federal Rule of Civil Procedure 10(b) directs parties to separate their claims within their pleadings and provides that each claim should be limited as far as practicable to a single set of circumstances. In addition, Rule 10(b) makes clear that each claim that is founded on a separate transaction or occurrence must be stated in a separate count when doing so would promote clarity.

3

*McPeek v. Unknown Sioux City DEA Officers*, No. C17-4011-LTS, 2017 WL 1502809, at *3 (N.D. Iowa Apr. 25, 2017), *aff'd sub nom. McPeek v. Sioux City DEA Unknown Officers*, No. 17-2030, 2017 WL 5440036 (8th Cir. Sept. 29, 2017). The primary purpose of Rule 8 is to allow the court and an opposing party to understand whether a valid claim is alleged and, if so, what it is; the complaint must be sufficiently clear so the court or an opposing party is not required to keep sifting through it in search of what it is plaintiff asserts. *Cody v. Loen*, 468 Fed. App'x 644, 645 (8th Cir. 2012) (citing *Vicom, Inc. v. Harbridge Merch. Servs., Inc.*, 20 F.3d 771, 775–76 (7th Cir. 1994)).

Here, Plaintiff's Complaint is factually detailed, and in certain respects, it complies with Rule 8 standards. While the narrative statement of facts is somewhat difficult to follow and does not meet the "short and plain" or "concise and direct" requirements of Rule 8(a) and (d), the Complaint could be liberally construed as alleging employment discrimination claims against Duncan. Plaintiff also includes a demand for relief of a clearly stated dollar amount.

Plaintiff's Complaint, however, is deficient in terms of satisfying Rule 8 as to grounds for the Court's jurisdiction. Plaintiff does not allude anywhere in his Complaint to any federal statutory or constitutional basis for his claims. And while it appears Plaintiff may be attempting to assert employment discrimination claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-2000e-17, neither Defendant nor the Court should be left to assume or guess at the legal basis under which Plaintiff seeks relief. "While the pleading standards are not intended to be onerous on plaintiffs, defendants and courts are not required to scour the federal code to locate applicable statutes and jurisdictional bases that a plaintiff may or may not be invoking. Plaintiff,

therefore, must clearly identify a federal statute or other appropriate legal authority that supports the legal claim or claims giving rise to this suit." *Lane v. City of Lee's Summit*, No. 4:21-00437-CV-JAM, 2021 WL 5311330, at *2 (W.D. Mo. Nov. 15, 2021).

Accordingly, the Court finds Plaintiff's Complaint fails to comply with the Federal Rules of Civil Procedure and is subject to preservice dismissal pursuant to 28 U.S.C. § 1915(e)(2). On its own motion, the Court will give Plaintiff leave to file an amended complaint using the enclosed standard Pro Se 7 Form "Complaint for Employment Discrimination." In amending his Complaint, Plaintiff should be mindful to follow the form's instructions and to restate the relevant allegations of the Complaint, Filing No. 1, and any new allegations in his amended complaint. Plaintiff also may incorporate by specific reference any of the documents attached to, and filed with, his original Complaint. Failure to file an amended complaint in the time specified by the Court will result in the Court dismissing this case without further notice.

IT IS THEREFORE ORDERED that:

1. Plaintiff shall have until **February 26, 2025**, to file an amended complaint that clearly sets forth the grounds for the Court's jurisdiction in accordance with this Memorandum and Order. Failure to file an amended complaint within the time specified by the Court will result in the Court dismissing this case without further notice to Plaintiff.

2. In the event Plaintiff files an amended complaint, Plaintiff shall restate the relevant allegations of the Complaint, Filing No. 1, and any new allegations. Failure to consolidate all claims into one document may result in the abandonment of claims. Plaintiff is warned that an amended complaint will supersede, not supplement, his prior

pleadings. Plaintiff may, however, incorporate by specific reference any of the documents attached to, and filed with, his original Complaint.

3. The Court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e)(2) in the event he files an amended complaint.

4. The Clerk of the Court is directed to send Plaintiff a standard Pro Se 7 Form "Complaint for Employment Discrimination" along with a copy of this Memorandum and Order.

5. The Clerk of Court is directed to set a pro se case management deadline using the following text: **February 26, 2025**: check for amended complaint.

6. Plaintiff shall keep the court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal without further notice.

Dated this 27th day of January, 2025.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge