IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CHARLIE B. BUSH JR., | |
| Plaintiff, | 4:24CV3057 |
| vs. | |
| DUNCAN AVIATION, INC, | MEMORANDUM AND ORDER |
| Defendant. | |

This matter is before the Court upon review of Plaintiff's Amended Complaint, Filing No. 7, pursuant to 28 U.S.C. § 1915(e)(2). For the reasons that follow, this matter will proceed to service of process against Defendant Duncan Aviation, Inc.

## I.  BACKGROUND

Plaintiff filed his Complaint on March 18, 2024, against his former employer, Duncan Aviation, Inc. ("Duncan"), seeking damages for harassment he experienced while employed at Duncan. Filing No. 1. The Court conducted an initial review of Plaintiff's Complaint on January 27, 2025, and determined Plaintiff's Complaint failed to comply with the Federal Rules of Civil Procedure as Plaintiff failed to allege any federal statutory or constitutional basis for his claims. Filing No. 6. On its own motion, the Court gave Plaintiff leave "to file an amended complaint that clearly sets forth the grounds for the Court's jurisdiction." Id. at 5. Plaintiff filed his Amended Complaint on February 4, 2025, using the standard Pro Se 7 Form "Complaint for Employment Discrimination" the Court sent to Plaintiff.

## II.  SUMMARY OF AMENDED COMPLAINT

In his Amended Complaint, Plaintiff names Duncan as the defendant in the caption, but then appears to list the four following individuals as additional defendants:  Todd Duncan, Erick Erickson ("Erickson"), Doug Bohac ("Bohac"), and Byrant Woodly ("Woodly").  Erickson, Bohac, and Woodly are all identified as supervisors at Duncan. Filing No. 7 at 2.  Todd Duncan's role at Duncan is not alleged, and he is mistakenly listed in the space intended for Plaintiff's identifying information.  *Id*. at 1.  Liberally construed, Plaintiff asserts claims of race-based harassment and retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-2000e-17.  *Id*. at 3–4.  Plaintiff alleges he was harassed by his supervisor, Erickson, and Erickson's bosses would not stop Erickson from harassing Plaintiff.  *Id*. at 4–5.  Plaintiff seeks $4.5 million in damages

> because of the health the job left me in.  My nerves was bad feel like I was gone [sic] fall out worrying about everybody that was with Erick Erickson.  They call me cry baby because of my emotion that the crew was taking me through[.]  I shaked [sic] everyday at work from all the picking[,] made me work alone, stand behind me and laugh while I work, putting their hands on me, throwing things towards me.  I come to work shaking because no one would help me with Erick Erickson harrassment [sic].

*Id*. at 5–6 (capitalization omitted).

Plaintiff alleges he received a notice of right to sue letter from the Equal Employment Opportunity Commission ("EEOC") on February 21, 2024, *Id*. at 5, but he did not include with his Amended Complaint a copy of his right to sue notice, which was attached to his original Complaint.  *See* Filing No. 1 at 4–5.  Plaintiff's Amended Complaint also does not re-allege all the facts from his original Complaint as the Court directed him to do.  Though Plaintiff was warned that an amended complaint would supersede, not supplement, his prior pleading, *see* Filing No. 6 at 5–6, in the interests of justice, the Court

will consider the Amended Complaint as supplemental to the Complaint.  See NECivR 15.1(b) (court may consider pro se litigant's amended pleading as supplemental to, rather than as superseding, the original pleading).

As the Court previously summarized, Plaintiff's Complaint alleges the following:

> Plaintiff began working for Duncan on July 11, 2022, as a level two painter and "was the only black in [his] department." [Filing No. 1] at 1.  From the time of his hiring, a co-worker named Erick Erickson ("Erickson") harassed Plaintiff, calling him names and generally giving him a hard time.  A week after Plaintiff's hiring, Erickson became Plaintiff's supervisor and the harassment continued.  Erickson would throw balled-up aluminum foil at Plaintiff while his back was turned, causing the other employees to laugh at Plaintiff and "come at [Plaintiff] the wrong way."  Id. at 2.  Erickson would also remove the other employee helping Plaintiff on a two-person job and "leave [Plaintiff] doing a two man job alone."  Id.  Plaintiff states he "was pointed out for being black in the eyes of Eric[k] Erickson.  He didn't like me, he turned his head when I walked by him, and he would cuss towards me when I asked a simple question, [so] I had to go to coworkers when I had a question."  Id. at 2–3 (spelling, punctuation, and capitalization corrected).
>
> Plaintiff reported all of this harassment to superiors but nothing was ever done.  Plaintiff specifically states he reported to Byrant Woodly ("Woodly") and Doug [Bohac], two supervisors above Erickson, that Erickson had been giving Plaintiff and another employee, Zach Hadly, a "very hard time," but neither Woodly nor [Bohac] did anything to stop Erickson "from picking at [Plaintiff] and Zach everyday [sic]."  Id. at 1.  Plaintiff resigned from his position in March 2023 "because [he] couldn't take . . . the harassment" and the effects it had on his physical and emotional well-being.  Id. at 2.

Filing No. 6 at 1–2.

### III. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. See 28 U.S.C. § 1915(e). The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

## IV.  DISCUSSION

Liberally construed, Plaintiff alleges that the defendants harassed him based on his race and retaliated against him in violation of Title VII. Title VII makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin."  42 U.S.C. § 2000e-2(a)(1).  Title VII also prohibits retaliation against an employee "because he has opposed any practice made an unlawful employment practice by [Title VII], or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under [Title VII]." 42 U.S.C. § 2000e-

4

3(a). For the reasons stated below, Plaintiff's claims against Duncan shall proceed to service of process, but his claims against the other named defendants will be dismissed.

**A. Claims against Todd Duncan, Erickson, Bohac, and Woodly**

As an initial matter, Plaintiff names Todd Duncan, Erickson, Bohac, and Woodly, as defendants in this matter. However, Title VII imposes liability on *employers*. 42 U.S.C. § 2000e(b). Todd Duncan's role with Duncan is unclear, but he clearly is somehow employed by Duncan, and the Complaint's allegations clearly indicate that Erickson, Bohac, and Woodly are supervisors employed by Duncan. Thus, none of these individual defendants can be considered an "employer" of Plaintiff, and Plaintiff's claims against Todd Duncan, Erickson, Bohac, and Woodly must be dismissed without prejudice. *See Smith v. St. Bernards Regional Medical Center*, 19 F.3d 1254, 1255 (8th Cir. 1994) (claims against individual defendants were properly dismissed because liability under Title VII only attaches to employers).

**B. Hostile Work Environment Discrimination**

Plaintiff's allegations concerning his mistreatment while employed at Duncan may be properly construed as a hostile work environment discrimination claim. *Mahler v. First Dakota Title Ltd. P'ship*, 931 F.3d 799, 806 (8th Cir. 2019) ("Under Title VII, a hostile work environment claim is a type of discrimination claim under 42 U.S.C. § 2000e-2(a)."). "Hostile work environment harassment occurs when the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Jackman v. Fifth Jud. Dist. Dep't of Corr. Servs.*, 728 F.3d 800, 805 (8th Cir. 2013) (internal quotation marks and citation omitted), *abrogated on other grounds as*

*recognized in* Cole v. Group Health Plan, Inc., 105 F.4th 1110, 1114 n.1 (8th Cir. 2024). To succeed on such a claim under Title VII, Plaintiff must establish that "(1) [he] is a member of a protected class; (2) unwelcome harassment occurred; (3) there is a causal nexus between the harassment and [his] protected-group status; (4) the harassment affected a term, condition, or privilege of [his] employment; and (5) [the employer] knew or should have known of the harassment and failed to take prompt and effective remedial action." Id. at 805-06 (internal quotation marks and citation omitted).

Here, the first, second, third, and fifth elements are met as Plaintiff alleges his supervisor, Erickson, subjected him to unwelcome harassment "for being black," Filing No. 1 at 2, and Plaintiff reported this harassment to Bohac and Woodly who did nothing to stop the harassment. Liberally construed, the Court concludes Plaintiff also alleges sufficient facts to suggest the harassment he experienced affected a term, condition, or privilege of his employment. Conduct affecting a term, condition, or privilege of employment "requires that '[t]he harassment . . . be severe or pervasive enough to create an objectively hostile or abusive work environment and the victim must subjectively believe [his] working conditions have been altered.'" Moses v. Dassault Falcon Jet-Wilmington Corp, 894 F.3d 911, 922 (8th Cir. 2018) (quoting Sandoval v. Am. Bldg. Maint. Indus., Inc., 578 F.3d 787, 801 (8th Cir. 2009)) (internal quotation marks omitted). "To determine whether the harassment affected a term, condition, or privilege of [Plaintiff's] employment, we must consider the totality of the circumstances, including the frequency and severity of the conduct, whether it is physically threatening or humiliating, and whether it unreasonably interferes with [Plaintiff's] job performance." Id. (quoting Sellers v. Deere & Co., 791 F.3d 938, 945 (8th Cir. 2015)) (internal quotation marks and

6

alterations omitted). Plaintiff alleges the harassment continued throughout the entire eight months of his employment, included unwelcome physical contact, objects being thrown at him, and Plaintiff being forced to perform job functions without the proper assistance, and severely affected his physical and emotional well-being. These allegations are sufficient at the pleading stage to state a plausible hostile work environment claim under Title VII.

**C. Retaliation**

In his Amended Complaint, Plaintiff also asserts a retaliation claim under Title VII. To establish a prima facie case of retaliation, a plaintiff must present evidence that (1) he engaged in a protected activity; (2) an adverse employment action was taken against him; and (3) a causal connection exists between the two. *Barker v. Missouri Dep't of Corr.*, 513 F.3d 831, 835 (8th Cir. 2008).

Given the liberal construction afforded to pro se litigants' pleadings, the Court concludes Plaintiff has alleged facts sufficient to state a prima facie case of retaliation as Plaintiff alleges he reported Erickson's harassment to Bohac and Woodly and he continued to be subjected to harassment after he made his reports, *see* Filing No. 1 at 1, 7. *See Stewart v. Indep. Sch. Dist. No. 196*, 481 F.3d 1034, 1042 (8th Cir. 2007) ("[R]etaliation claims under Title VII [can] be based on a hostile work environment and need not be based solely on discrete adverse employment actions that affect the terms or conditions of employment." (citing *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 66–67 (2006))); *Buettner v. Arch Coal Sales Co.*, 216 F.3d 707, 714 (8th Cir. 2000) ("Title VII's prohibition against retaliatory discrimination protects activities ranging from

filing a complaint to expressing a belief that the employer has engaged in discriminatory practices.").

## V.  CONCLUSION

For purposes of initial review, Plaintiff's Complaint, Filing No. 1, and his supplemental Amended Complaint, Filing No. 7, allege plausible hostile environment discrimination and retaliation claims under Title VII against Duncan.  However, the Court cautions Plaintiff that this is only a preliminary determination based on the allegations found within the Complaint and supplemental Amended Complaint.  This is not a determination of the merits of Plaintiff's claims or potential defenses thereto.  This matter will proceed to service of process as set forth below.

IT IS THEREFORE ORDERED that:

1. Defendants Todd Duncan, Erick Erickson, Doug Bohac, and Byrant Woodly are dismissed without prejudice as defendants.

2. This matter may proceed to service of process against Defendant Duncan Aviation, Inc.

3. To obtain service of process on Defendant Duncan Aviation, Inc., Plaintiff must complete and return the summons forms that the Clerk of Court will provide.  The Clerk of Court shall send one summons form and one USM-285 form to Plaintiff, together with a copy of this Memorandum and Order.  Plaintiff shall, as soon as possible, complete the forms and send the completed forms back to the Clerk of Court.  In the absence of the forms, service of process cannot occur.

4. Upon receipt of the completed forms, the Clerk of Court will sign the summons forms and forward them together with a copy of the Complaint, Filing No. 1,

Amended Complaint, Filing No. 7, and a copy of this Memorandum and Order to the United States Marshals Service for service of process on Defendant Duncan Aviation, Inc.[1]  Service may be accomplished by using any of the following methods: personal, residence, certified mail, or designated delivery service upon any officer, director, managing agent, or registered agent, or by leaving the process at Defendant's registered office with a person employed therein, or by certified mail or designated delivery service to Defendant's registered office.  See Federal Rule of Civil Procedure 4(e), (h); Neb. Rev. Stat. § 25-509.01 (Reissue 2016).

5.    The United States Marshal shall serve all process in this case without prepayment of fees from Plaintiff.

6.    Federal Rule of Civil Procedure 4(m) requires service of the complaint on a defendant within 90 days of filing the complaint.  However, Plaintiff is granted, on the Court's own motion, an extension of time until 90 days from the date of this order to complete service of process.  The Clerk of Court shall set a case management deadline accordingly.

7.    Plaintiff is hereby notified that failure to obtain service of process on the Defendant within 90 days of the date of this order may result in dismissal of this matter without further notice.  A defendant has 21 days after receipt of the summons to answer or otherwise respond to a complaint.

---

[1] Pro se litigants proceeding in forma pauperis are entitled to rely on service by the United States Marshals Service.  Wright v. First Student, Inc., 710 F.3d 782, 783 (8th Cir. 2013).  Pursuant to 28 U.S.C. § 1915(d), in an in forma pauperis case, "[t]he officers of the court shall issue and serve all process, and perform all duties in such cases."  See Moore v. Jackson, 123 F.3d 1082, 1085 (8th Cir. 1997) (language in § 1915(d) is compulsory); Fed. R. Civ. P. 4(c)(3) (court must order that service be made by United States Marshal if plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915).

8. Because this non-prisoner case is proceeding to service of process, and at the direction of the Court, this case is removed from the pro se docket. The Clerk of Court shall randomly assign new judges to this case and shall request a reassignment order from the Chief Judge.

9. The parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of this Court. Plaintiff shall keep the Court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal without further notice.

Dated this 9th day of April, 2025.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge