IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CHARLIE B BUSH JR,<br><br>Plaintiff,<br><br>v.<br><br>DUNCAN AVIATION, INC.,<br><br>Defendant. | **4:24CV3057**<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on plaintiff Charlie B Bush Jr's ("Bush") *pro se* Motion to Reconsider (Filing No. 40) the Court's August 14, 2026, Order and Judgment (Filing Nos. 38, 39) granting defendant Duncan Aviation, Inc.'s ("Duncan") motion for summary judgment (Filing No. 34).

Bush states he suffers from diabetes and has issues with walking. He also explains he has been dealing with depression due to the death of his mother. In support of his motion, he has filed a copy of the Nebraska Department of Labor's decision in his unemployment-benefits case and several text-message conversations (Filing No. 41).

Motions for reconsideration are not mentioned in the Federal Rules of Civil Procedure. *Broadway v. Norris*, 193 F.3d 987, 989 (8th Cir. 1999). "This Court is frequently put in the difficult position of deciding whether a 'motion for reconsideration' is in fact" a motion under Federal Rule of Civil Procedure 59(e) to "Alter or Amend a Judgment," or a motion for "Relief from Judgment or Order" under Federal Rule of Civil Procedure 60(b). *Id.*

Duncan opposes the motion (Filing No. 42) and argues it should be construed as a Rule 59 motion because it is directed to a final order. Rule 59 motions are disfavored and "serve the limited function of correcting manifest errors of law or fact or [presenting] newly discovered evidence." *Tukaye v. Troup*, 157 F.4th 958, 962 (8th Cir. 2025) (quoting

*Ryan v. Ryan*, 889 F.3d 499, 507 (8th Cir. 2018)). They "cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." *Cont'l Indem. Co. v. IPFS of N.Y., LLC*, 7 F.4th 713, 717 (8th Cir. 2021) (quoting *Ryan*, 889 F.3d at 507)). Duncan argues—and the Court agrees—that Bush has failed to present any "manifest errors of law or fact or to present newly discovered evidence" which would warrant relief under Rule 59(e). *Ryan*, 889 F.3d at 507.

While Rule 60(b) motions may be directed at "a nonfinal order," *see Broadway*, 193 F.3d at 989, they can also relieve a party from a "*final* judgment, order, or proceeding," Fed. R. Civ. P. 60(b) (emphasis added), so the Court will consider Bush's motion under this rule as well. "Rule 60(b) allows a party to seek relief from final judgment and reopen a case based on mistake or excusable neglect, newly discovered evidence, fraud, or the void or prospectively inequitable status of a judgment." *BLOM Bank SAL v. Honickman*, 605 U.S. 204, 210 (2025).

In reply, Bush states that the "last email that came to [him]" from Duncan's counsel arrived on April 13, 2026. Since then, he has "not received a certificate of service at any time" (Filing No. 43). Bush has also attached photographs of his prescription medications.

While the Court sympathizes with Bush's challenges, they do not amount to grounds for relief under Rule 60(b), either. *See Noah v. Bond Cold Storage*, 408 F.3d 1043, 1045 (8th Cir. 2005). And Bush's argument that the last email he received from Duncan was April 13th—the date Duncan reportedly served Bush with notice of its motion for summary judgment—does not help his argument in any way. Duncan did not need to send Bush additional reminders to respond to the motion for summary judgment. Bush's "'pro se status d[oes] not entitle him to disregard the Federal Rules of Civil Procedure,' even without affirmative notice of the application of the rules to his case." *Bennett v. Dr Pepper/Seven Up, Inc.*, 295 F.3d 805, 808 (8th Cir. 2002) (quoting *Carman v. Treat*, 7 F.3d 1379, 1381 (8th Cir. 1993)).

Because plaintiff Charlie B Bush Jr has failed to show any grounds for relief under either Federal Rule of Civil Procedure 59(e) or 60(b), his motion for reconsideration (Filing No. 40) is denied.

IT IS SO ORDERED.

Dated this 9th day of September 2026.

BY THE COURT:

Robert F. Rossiter, Jr.
United States District Judge